```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

DOREEN MAYNARD                   *
                                 *
          Plaintiff              *
v.                               *
                                 *   Civil Action No. WMN-15-3532
ST. STEPHEN'S REFORMED           *
EPISCOPAL CHURCH                 *
                                 *
          Defendant              *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

On November 20, 2015, Plaintiff Doreen Maynard, acting pro se, filed a Complaint against Defendant St. Stephen's Reformed Episcopal Church, her former employer. ECF No. 1. Plaintiff's Complaint was drafted on a form template provided by this Court titled "Complaint for Employment Discrimination." Id. Under "[t]his action is brought pursuant to (check all that apply)" Plaintiff checked the following two boxes:

> Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin.
>
> Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq., for employment discrimination on the basis of age.

Id. Before the Court is Defendant's Motion to Dismiss all claims purporting to arise under the Age Discrimination in Employment Act (ADEA). ECF No. 9. Defendant does not, at this time, seek dismissal of Plaintiff's claims brought under Title

VII of the Civil Rights Act (Title VII).  Id.  Upon review of the parties' submissions and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that Defendant's motion will be granted.

Plaintiff contracted to work as a full time teacher at St. Stephen's Classical Christian Academy for the September 2014-May 2015 school year.  It appears Plaintiff's troubles began when two superiors at the school, Headmaster John Dykes and Special Education Director Johanna Judy, modified the terms of her contract, allegedly without her consent.  On October 9, 2014, Plaintiff filed an internal discrimination complaint with Reverend Eric Jorgensen concerning the actions of Dykes and Judy.  Later that same day, Jorgensen requested that Plaintiff take leave with pay while her complaint was being investigated.  Three days later, on October 12, 2014, Jorgensen terminated Plaintiff's employment with the school, reasoning that Plaintiff's grievance caused a "spiritually unhealthy work environment."  ECF No. 1-13.  On November 14, 2014, Plaintiff filed a Charge of Discrimination, 12F-2015-00061, with the Maryland Commission on Civil Rights (MCCR) alleging discrimination based on retaliation in regards to her suspension and discharge.  ECF No. 9-1 at 2.  On the charge sheet, under "the particulars are," Plaintiff stated:

>I believe that I was retaliated against for opposing a discriminatory activity in the workplace, because:
>
>I began my employment with Respondent in September 2013 as a Teacher.  My immediate supervisor was Johanna Judy.  My work performance was satisfactory and I had no disciplinary actions.
>
>On October 9, 2014, I filed an internal discrimination complaint against Ms. Judy and John Dykes, Headmaster on the basis of my age and sex.  Later that same day, during a conference call with Eric Jorgensen, Pastor, and Mr. Frye, Board Member, to discuss my complaint, Mr. Jorgensen requested that I take leave with pay pending investigation because my complaint caused "tension" in school.
>
>On October 12, 2014, Mr. Jorgensen terminated my employment allegedly because I had caused tension within the workplace due to filing a complaint.  I believe that I was suspended and discharged in retaliation for opposing a discriminatory activity in the workplace.

Id.

After Plaintiff's employment with Defendant was terminated, she interviewed for a position with Mt. Airy Bible Church as an After School Coordinator.  During the hiring process, Plaintiff was informed that Mt. Airy Bible Church received an unsolicited and unfavorable reference from Pastor Jorgensen which the church planned to investigate in order "to make an informed decision." ECF No. 1-17.  Subsequently, on December 17, 2014, Plaintiff was notified that the position would be filled by another candidate. On January 15, 2015, Plaintiff filed a second Charge of Discrimination, 12F-2015-00174, with the MCCR based on

retaliation related to Jorgensen's unsolicited reference. ECF No. 9-1 at 3. Under "the particulars are," Plaintiff stated:

> I believe that I was discriminated against in retaliation for opposing a discriminatory activity in the workplace because:
>
> On November 7, 2014, I filed a complaint of discrimination against Respondent with the Maryland Commission on Civil Rights (MCCR #1411-0448).
>
> On December 8, 2014, I was hired at Mt. Airy Bible Church as an After School Coordinator. Although I had not used Respondent as a reference, on December 12, 2014, I was notified by Rory Rice, Principle at Mt. Airy Bible Church, that he had received an unsolicited and unfavorable reference from Pastor Jorgensen at Respondent's schools.
>
> I immediately explained my situation with Respondent regarding the complaint of discrimination that I filed against them. On December 17, 2014, my employment offer was rescinded. I believe that Respondent provided an unfavorable reference in retaliation for opposing a discriminatory activity in the workplace.

<u>Id.</u>

After investigation, the MCCR concluded that there was no probable cause to believe that Defendant retaliated against Plaintiff on either charge. ECF Nos. 13-3, 13-4. On October 27, 2015, the EEOC issued Plaintiff a Notice of Right to Sue for each charge. ECF No. 1 at 11-12. Plaintiff filed this case on November 20, 2015. Plaintiff's Complaint contains three claims, each relating to a particular action taken by Defendant, rather than a cause of action. All claims were brought pursuant to both the ADEA and Title VII. Defendant moves to dismiss "all

4

claims of [Plaintiff] purporting to arise under the Age Discrimination in Employment Act" on the ground that Plaintiff failed to exhaust administrative remedies under the ADEA.  ECF No. 9 at 1.  Defendant incorrectly cites to Federal Rule of Civil Procedure 12(b)(6) as the basis for its motion.  Importantly, a plaintiff's failure to exhaust administrative remedies concerning a Title VII or ADEA claim deprives the federal courts of subject matter jurisdiction over that claim.  Davis v. North Carolina Dep't of Corr., 48 F.3d 134, 140 (4th Cir. 1995); 29 U.S.C. § 626(d).  Thus the basis for Defendant's Motion to Dismiss is Federal Rule of Civil Procedure 12(b)(1).

Before a plaintiff may file suit under Title VII or the ADEA, she is required to file a charge of discrimination with the EEOC or an equivalent state agency.  42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(d).  Once a plaintiff files an administrative charge, that charge "plays a substantial role in focusing the formal litigation it precedes."  Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005); see also Bryant v. Bell Atl. Maryland, Inc., 288 F.3d 124, 132 (4th Cir. 2002) ("The EEOC charge defines the scope of the plaintiff's right to institute a civil suit.").  "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint [of discrimination in the charge], and those developed by reasonable investigation of the original complaint

5

[of discrimination in the charge] may be maintained in a subsequent [employment discrimination] lawsuit." Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996). When determining the nature of the claims included in the charge, a court "may look only to the charge filed with [the administrative agency]." Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 408 (4th Cir. 2013).

This Court finds that the scope of Plaintiff's Complaint exceeds the limits set by her administrative charges. Plaintiff's administrative charges were not brought pursuant to the ADEA, and further, age discrimination is not reasonably related to the context of those charges. The only reference to age came in Plaintiff's first charge, which states "I filed an internal discrimination complaint against Ms. Judy and John Dykes, Headmaster on the basis of my age and sex." ECF No. 9-1 at 2. This reference refers to the internal complaint Plaintiff filed with Jorgensen based on the conduct of Judy and Dykes. The MCCR charges, however, were not related to Judy and Dykes' conduct, but rather to Jorgensen's conduct in suspending and then terminating Plaintiff, as well as his subsequent unsolicited reference. See id. ("I believe that I was suspended and discharged in retaliation for opposing a discriminatory activity in the workplace."); see also id. at 3 ("I believe that Respondent provided an unfavorable reference in retaliation for

6

opposing a discriminatory activity in the workplace."). The mere mention of the word age in Plaintiff's first charge, without more, is not enough to give Defendant adequate notice that Plaintiff might, at a later date, assert claims under the ADEA. Defendant's lack of notice is evidenced by the EEOC Notice of Charge of Discrimination, ECF No. 13-1, which informed Defendant at the outset that Plaintiff's first charge was solely filed under Title VII.

Moreover, Plaintiff was required to check the box next to each unlawful basis on which she believed she was discriminated against, and on both charge sheets, she checked only "retaliation," leaving blank the box next to "age." ECF No. 9-1 at 2-3. In a similar case before the Fourth Circuit, the Court found that the "[a]dministrative investigation of retaliation, and color and sex discrimination, [] could not reasonably be expected to occur in light of [the plaintiff's] sole charge of race discrimination." Bryant, 288 F.3d at 133. Similarly here, Defendant could not reasonably expect that Plaintiff's grievance was based on age discrimination when her sole charge was retaliation and the explanation of that charge emphasized that Defendant's acts surrounding her suspension and discharge were retaliatory. In the MCCR's written findings, there is no indication that the commission developed, through reasonable investigation, any allegation of age discrimination, rather,

7

both investigative reports concern Defendant's alleged retaliation based on Plaintiff's opposition to a discriminatory workplace activity.  ECF Nos. 13-3, 13-4.  In both of Plaintiff's administrative actions, the EEOC issued a Notice of Right to Sue under "Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA)."  ECF No. 1 at 11-12.  On these notices, the boxes pertaining to a right to sue under the ADEA were left blank.  Id.

 Although far from clear for pro se litigants, "Title VII and ADEA claims arise from completely distinct statutory schemes."  Evans, 80 F.3d at 963.  Plaintiff's misunderstanding concerning this distinction is evidenced by her statement that "[i]t was also my understanding as a Pro Se Representative that filing my charges in this Court is like starting my case all over with a fresh slate, and that checking the ADEA box along with the Title VII retaliation box was acceptable." ECF No. 11 at 7. Unfortunately for Plaintiff, filing an employment discrimination case in federal court is not a fresh start, but rather, a final chance to examine only those claims brought before an administrative agency.  The Court concludes that the administrative charges filed by Plaintiff against Defendant concern only allegations of retaliation under Title VII, therefore, the Court lacks jurisdiction to hear Plaintiff's

claims brought pursuant to the ADEA.  For the above-stated reasons, the Court will grant Defendant's Motion to Dismiss.  A separate order will issue.

```
                          _____/s/_____
                          William M. Nickerson
                          Senior United States District Judge
```

DATED: May 12, 2016